(No. 4232 )

KATHRYN A. DOWNEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 24, 1958.*

Petition of claimant for rehearing denied May 12, 1959.

ENSEL, MARTIN, JONES AND BLANCHARD, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On July 9, 1956, claimant filed a supplemental complaint for reimbursement for medical expenses and transportation; and, in addition thereto, filed a claim for loss of salary.

It appears from the record that this Court made an award on March 9, 1951, and again on April 21, 1955, and, in each instance, reserved jurisdiction for such further orders as might be necessary. The complaint originated by reason of an injury to claimant on October 21, 1948, while an employee of the Secretary of State.

The bill of particulars, attached to the complaint, sets forth the following items:

1. Due Springfield Clinic Pharmacy, 1025 South Seventh Street, Springfield, Illinois, for medicines from March 5, 1954 through May 28, 1956............................................................$ 128.20

2. Due Springfield Rural Urban Clinic, 1025 South Seventh Street, Springfield, Illinois, for medical care, treatment, laboratory tests and x-rays from April 5, 1955 through June 16, 1956.......... 157.00

3. Additional medicines ................................................ 39.80

4. Transportation charges to and from Springfield Rural Urban Clinic in 1955_____ 24.40

5. Loss of salary due from the State of Illinois withheld because of inability to work because of injuries_____$1,458.56

On December 9, 1957, the complaint was amended, and the bill of particulars was changed to read as follows:

1. Due Springfield Clinic Pharmacy, 1025 South Seventh Street, Springfield, Illinois, for medicines from last hearing herein to date _____$ 294.90

2. Due Springfield Rural Urban Clinic, 1025 South Seventh Street, Springfield, Illinois, for medical care, treatment, laboratory tests and x-rays from date of last hearing to date_____ 200.00

3. Additional medicines _____ 32.50

4. Transportation charges to and from Springfield Rural Urban Clinic _____ 24.40

5. Loss of salary because of inability to work because of injuries _____$3,566.89

The transcript of evidence and exhibits support the claim as to the first four items of the bill of particulars with a reasonable degree of proof. The claim for loss of salary, item 5, is found on pages 9 and 10 of the transcript.

"Q. Miss Downey, I assume that the State of Illinois would have the amounts, which were paid to you for the period from February 15, 1955 until August 15, 1955, and I'll show you a copy of the Departmental Report, which has been admitted into evidence by stipulation, and I will call your attention to paragraph 7 of that Departmental Report which itemizes the amounts that were paid to you for the months of March, April, May, June, July and August of 1955. I will ask you to examine that paragraph, and state whether or not you believe the amounts shown there are correct.

A. They don't have in there the amount that I worked in February when they informed me, and I didn't receive a check at the end of February.

Q. Then except for the month of February, which you might dispute, would you be willing to assume that that is correct?

A. I would say approximately. I am sorry that I didn't keep track of my checks. I should have.

Q. Now, why is it that during part of 1955 you did not work full time?

A. I just wasn't able physically.

Q. When you say you were not able physically?

A. Due to the injury to my back.

Q. And that is the same injury that is involved in this matter here?

A. 1948.

Q. Now when did you next become employed?

A. October 21, 1956.

Q. And during the period from August 15, 1955 to October 21, 1956 why didn't you work?

A. Because I was advised not to—because my illness of this back injury.

Q. And who advised you?

A. Well, the doctor told me that it would be better for me to have more rest.

Q. What doctor?

A. Dr. Manson. I spent about 16 hours in bed most of that time.

Q. On October 21, 1956 by whom were you employed?

A. Illinois Commerce Commission."

It is to be noted that the two previous awards related to reimbursement for medical and transportation expenses. This complaint, for the first time, seeks an award for loss of salary, and, while there is no dispute that the injury was received in the course of her employment, the question of the extent of her injuries is now presented for consideration.

The following appears in Illinois Workmen's Compensation, Angerstein, Sec. 515:

"An award of the Industrial Commission or of a circuit court may not be based upon guess, surmise or conjecture, or even upon a choice between one of two views equally compatible with the evidence. Awards may be based only upon facts established by the evidence or upon inferences that may reasonably be drawn from facts established by the evidence. Liability under the Act cannot rest upon imagination, speculation, or conjecture, but must be based upon facts established by a preponderance of the evidence. The rules respecting the admissibility of evidence and the burden of proof are the same as prevails in a common law action for personal injury."

This Court has at all times required a claimant to prove his case by a preponderance of the evidence. This complaint is not supported by medical testimony, x-rays or other supporting matters, and falls far short of proving the extent of her injuries and inability to do any kind of work for 14 months.

As to item 5, the Court, therefore, finds that the claim is not proven in a manner, as required by law.

Awards are, therefore, made to claimant as follows:

1. Springfield Clinic Pharmacy, 1025 South Seventh Street, Springfield, Illinois, for medicines from last hearing herein to date $294.90
2. Springfield Rural Urban Clinic, 1025 South Seventh Street, Springfield, Illinois, for medical care, treatment, laboratory tests and x-rays from date of last hearing to date _____ 200.00
3. Additional medicines _____ 32.50
4. Transportation charges to and from Springfield Rural Urban Clinic _____ 24.40

An award is also made to Frances Paul in the amount of $33.90 for court reporting services.

This award is made subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State Employees".